| | |
|---|---|
| 1 | **DAVIS WRIGHT TREMAINE LLP** |
| 2 | 865 S. FIGUEROA ST. |
|   | SUITE 2400 |
| 3 | LOS ANGELES, CALIFORNIA 90017-2566 |
|   | TELEPHONE (213) 633-6800 |
| 4 | FAX (213) 633-6899 |
| 5 | JENNIFER L. BROCKETT (State Bar No. 193433) |
|   | jenniferbrockett@dwt.com |
| 6 | KRISTIN KNOX ESCHE (State Bar No. 221046) |
|   | kristinesche@dwt.com |
| 7 | |
| 8 | Attorneys for Defendants |
|   | McCORMICK & SCHMICK'S SEAFOOD |
| 9 | RESTAURANTS, INC. and McCORMICK & |
|   | SCHMICK'S RESTAURANT CORP. (erroneously |
| 10 | sued as McCormick & Schmick's Restaurants Corp.) |

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JCT MECHANICAL, INC., a California corporation, | Case No. CV10-4453 GW (PJWx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| McCORMICK & SCHMICK'S SEAFOOD RESTAURANTS, INC., a Delaware corporation, McCORMICK & SCHMICK'S RESTAURANTS CORP., a Delaware corporation | Date:  N/A<br>Time:  N/A<br>Dept.: N/A |
| Defendants. | Assigned to the Hon. George H. Wu |
| McCORMICK & SCHMICK'S SEAFOOD RESTAURANTS, INC. and McCORMICK & SCHMICK'S RESTAURANT CORP. | Assigned to Magistrate Judge Patrick J. Walsh for All Discovery Purposes<br><br>Action Filed: June 16, 2010 |
| Third Party Plaintiffs, | |
| vs. | |
| PROFESSIONAL FACILITIES MANAGEMENT, INC. ("PFMI"), an Alabama corporation, | |
| Third-Party Defendant. | |

*Local Rule 79-5 governs under seal filings.*
*PJW*

PROPOSED STIPULATED PROTECTIVE ORDER
DWT 15350939v1 0056538-000015

Pursuant to Fed. R. Civ. P. 26(c), and the stipulation of the parties, the Court enters the following Protective Order limiting the use and disclosure of discovered information as provided herein.

IT IS HEREBY ORDERED as follows:

1. <u>Scope</u>. This Confidentiality and Protective Order ("Protective Order") shall, to the extent expressed herein as applicable, govern discovery in this action and apply to all information provided, produced or obtained in the course of discovery in this action, including, without limitation, information provided, produced or obtained in or through any depositions, responses to requests for admission or production, responses to interrogatories, and any document or thing produced or made available for inspection and/or copying in response to such requests or subpoenas. As used herein, the term "document" shall include all forms of information delineated in Fed. R. Civ. P. 34(a).

2. <u>Protected Information</u>.

    a. Various documents and information requested in discovery may be subject to a claim by a party or subpoenaed non-party that such documents or information contain or reflect confidential or proprietary information (collectively, "Confidential Information") that should not be disclosed absent appropriate protections.

    b. Various documents and information requested in discovery may be subject to a claim by a party or subpoenaed non-party that such documents or information contain Confidential Information which is of an extremely sensitive nature and which might cause significant competitive harm to a party, or competitive or other harm to a person not a party to this litigation, if disclosed to the disclosing party's competitors or others (collectively, "Attorney Eyes Only Information").

    The information contained or disclosed in any document, thing or testimony which has been designated either Confidential or Attorney Eyes Only in accordance

PROPOSED STIPULATED PROTECTIVE ORDER
DWT 15350939v1 0056538-000015

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

with this Protective Order shall be referred to collectively as "Protected Information."

3. <u>Procedure For Designating Documents</u>. Any party to this action or any non-party who produces documents or provides information or testimony ("Producing Party"), alleged by such Producing Party to constitute Confidential Information or Attorney Eyes Only Information may designate documents (including written discovery responses) as subject to this Protective Order by writing or stamping on such document prior to its production the designation "Confidential" or "Attorney Eyes Only," which shall be placed on the document so as not to obscure the material or any portion of its contents.

4. <u>Inadvertent Failure To Designate</u>. If a Producing Party, through inadvertence, produces any documents containing Confidential Information or Attorney Eyes Only Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the Producing Party may give written notice to the parties that the document produced is deemed Confidential Information or Attorney Eyes Only Information and should be treated as such in accordance with the provisions of this Protective Order. The parties must treat such materials as Confidential Information or Attorney Eyes Only Information from the date such notice is received.

5. <u>Procedure For Designating Deposition Testimony</u>. If any Producing Party believes that Confidential Information or Attorney Eyes Only Information belonging to it has been or may be disclosed in the course of any deposition (whether through any question, answer, colloquy and/or exhibit), then such person may designate the deposition, portion thereof, or exhibit as Confidential or Attorney Eyes Only by (a) stating on the record of the deposition that such deposition, portion thereof, or exhibit is Confidential or Attorney Eyes Only, or by (b) stating in a writing served on counsel for the other parties, up to 30 days after receipt of such deposition transcript by the designating person, that such deposition, portion

PROPOSED STIPULATED PROTECTIVE ORDER
DWT 15350939v1 0056538-000015

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

thereof, or exhibit is Confidential or Attorney Eyes Only, and during such 30 day period the entire deposition transcript and exhibits shall be treated as Confidential or Attorney Eyes Only in accordance with the provisions of this Protective Order until written designation is made or the time within which to make such written designation has expired. If any deposition, portions thereof, or exhibits are designated as Confidential or Attorney Eyes Only prior to preparation of a transcript, then the court reporter shall be instructed to mark all originals and copies thereof in accordance with this Protective Order. The portions so designated shall thereafter be treated in accordance with the terms of this Protective Order. If any deposition, portions thereof or exhibits are designated Confidential or Attorney Eyes Only thereafter, then all recipients of the writing designating such transcript Confidential or Attorney Eyes Only shall treat the portions so designated in accordance with the terms of this Protective Order.

6. <u>Restrictions on Use and Disclosure of Protected Information</u>. All Protected Information shall be used solely for the preparation, trial, and/or settlement of this lawsuit (including appeals) and for no other purpose whatsoever. Unless otherwise authorized by the designating person or ordered by this Court, the persons enumerated in paragraph 7 to whom Protected Information is disclosed shall not make Protected Information public, shall not use Protected Information in any other civil action or administrative proceeding, and shall not disclose or divulge Protected Information to anyone except as permitted in this Protective Order.

7. <u>Permitted Disclosure of Protected Information</u>. Any information that has been designated as Protected Information in accordance with this Protective Order may be disclosed to:

    a. Counsel for the parties in this action;

    b. Any outside expert or consultant for each party; provided, however, that all such outside experts or consultants shall first have executed an Undertaking in the form of Exhibit 1 attached hereto, which Undertaking shall

3
PROPOSED STIPULATED PROTECTIVE ORDER
DWT 15350939v1 0056538-000015

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

remain in the possession of counsel for the party which has retained such outside expert or consultant;

   c. Law clerks, paralegals, stenographic support, and clerical employees of the persons identified in paragraphs 7(a) and 7(b) hereof whose functions require them to have access to the Protected Information;

   d. With respect to any particular document designated as Protected, any person who is named on the face of such document as having been its author or one of its recipients, or who appears from other documents or testimony to have been a recipient of such document; provided, however, that all such individuals shall first have executed an Undertaking in the form of Exhibit 1 attached hereto, which Undertaking shall remain in the possession of counsel that discloses the Protected Information;

   e. The Court before which this case is pending, including court personnel who are authorized by the Judges of this Court to review such information; and

   f. Any stenographer, court reporter or videographer present in his or her official capacity at any hearing, deposition, or other proceeding in this case. In addition, Protected Information that has been designated as Confidential Information but not as Attorney Eyes Only Information may be disclosed to employees of the parties; provided, however, that all such individuals shall first have executed an Undertaking in the form of Exhibit 1 attached hereto, which Undertaking shall remain in the possession of counsel that discloses the Protected Information.

  8. <u>Disclosure at Deposition</u>. Any deposition witness who is not identified in paragraph 7, and their counsel, may be shown at their deposition documents marked Confidential. A deposition witness may not be shown documents marked Attorney Eyes Only unless prior permission of the producing party is granted. The witness and their counsel shall, on the deposition record, be given a copy of this

PROPOSED STIPULATED PROTECTIVE ORDER
DWT 15350939v1 0056538-000015

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Protective Order prior thereto and shall thereafter be subject to the terms of this Protective Order regarding such documents or the identified Protected portions thereof.

9. <u>Producing Party's Use and Disclosure of Protected Information</u>. Subject to already existing confidentiality obligations, a Producing Party may freely disclose its own Protected Information, in whole or in part, in any manner it chooses, including to third parties, without impairing the obligations imposed by this Protective Order upon others.

10. <u>Filing Under Seal</u>. Any paper, document, exhibit, or thing that contains or discloses Protected Information, which is to be filed or submitted with the Court shall be filed or submitted in a sealed envelope, prominently marked with the caption of the case and notation:

<u>Confidential</u>

Subject to Protective Order in:

<u>JCT Mechanical, Inc.</u>
v.
<u>McCormick & Schmick's Seafood Restaurants, Inc., et al.</u>

United States District Court
Central District of California
Case No. CV10-4453 GW (PJWx)

[Indication of Nature of Contents]
<u>TO BE OPENED ONLY BY</u>
<u>OR AS DIRECTED BY THE COURT</u>

Such sealed envelope shall be opened and reviewed only by personnel authorized by this Court.

11. <u>Use of Protected Information in the Courtroom</u>. The use and disclosure of Protected Information in open court shall be governed solely by the law and further order of the Court. However, Protected Information used in any

5
PROPOSED STIPULATED PROTECTIVE ORDER
DWT 15350939v1 0056538-000015

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

court proceeding herein shall not lose its Protected status through such use. Any use of Protected Information in open court shall not relieve the parties from the confidentiality obligations and use limitations otherwise imposed by this Order.

12. <u>Designation Not Conclusive</u>. The designation of any document, thing, information or testimony as Confidential or Attorney Eyes Only is intended solely to facilitate preparation for trial, and the failure to challenge such a designation shall not be construed as an admission or an agreement that the designated document, thing, information or testimony constitutes, contains or discloses any Protected Information in contemplation of law. No party shall be obligated to challenge the propriety of any such designation, and any failure to do so shall not preclude a subsequent attack on the propriety of any Confidential or Attorney Eyes Only designation.

13. <u>Relief Available</u>. In the event of a dispute with respect to the designation of any discovery material as Confidential Information or Attorney Eyes Only Information, counsel shall endeavor in good faith to resolve their dispute on an informal basis before presenting the matter to the Court for resolution. Any party hereto may seek relief from, or modification of, this Protective Order, and may challenge the designation of any document, thing, information or testimony as Confidential or Attorney Eyes Only.

    a. The party challenging the designation shall provide to the Producing Party written notice of the disagreement and a request to withdraw the designation, specifically identifying the Protected Information in dispute and articulating the challenging party's basis for its challenge of the Protected designation;

    b. If the Producing Party does not agree to withdraw the Protected designation, that party shall, within ten (10) calendar days, respond in writing to the challenging party's notice, articulating the basis for the Producing Party's

6
PROPOSED STIPULATED PROTECTIVE ORDER
DWT 15350939v1 0056538-000015

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

designation with sufficient particularity to enable the challenging party to move the Court for permission to disclose the Protected Information;

  c. If no written response under paragraph 13(b) is served within ten (10) calendar days of the notice provided in paragraph 13(a), the Protected designation will be deemed withdrawn;

  d. If the dispute cannot be resolved between the parties without intervention from the Court, the party challenging the Protected designation may move the Court requesting appropriate relief; and

  e. Documents and information designated as Protected Information shall be treated as Protected Information until the Court resolves a motion challenging the designation or until the designation is voluntarily withdrawn.

 14. <u>Procedure Upon Termination of Action</u>.  Within 60 days of the final determination of this action, including all appeals, and unless otherwise agreed to in writing by counsel, each party shall either certify in writing that the remaining copies of documents constituting Protected Information have been destroyed or return them to the Producing Party, such election to be made by the Producing Party.  Notwithstanding the foregoing, the attorneys of record for each party may retain all briefs, memoranda, motions, and other documents containing their work product that refer to or incorporate Protected Information, may retain copies of deposition transcripts, and may retain copies of all pleadings filed in these actions, and will continue to be bound by the terms of this Protective Order with respect to all such retained information.

 15. <u>Privileged Information</u>.  Nothing contained in this Protective Order shall be construed to require production of Protected Information that is privileged or otherwise protected from discovery.

 16. <u>Continuing Order and Continuing Jurisdiction of This Court</u>.  The terms of this Protective Order shall survive the final termination of this action with respect to all Protected Information.  This Court shall retain jurisdiction, following

PROPOSED STIPULATED PROTECTIVE ORDER
DWT 15350939v1 0056538-000015

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

termination of this action, to adjudicate all disputes either between the parties hereto or between a party hereto and a third party relating to or arising out of this Protective Order.

17. <u>Transmission of Protected Information</u>. Nothing in this Protective Order shall prohibit the transmission or communication of Protected Information by hand delivery; face to face conference; in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or by telephone, telegram, facsimile or other electronic transmission system if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted and misused.

18. This Protective Order may be modified by written stipulation among all the parties if approved by the Court. Absent stipulation, any party may seek modification by proper application to the Court.

DATED this 6th day of Oct. 2010.     By: /s/ Patrick J. Walsh
Patrick J. Walsh
U.S. Magistrate Judge

IT IS SO STIPULATED:
**DAVIS WRIGHT TREMAINE LLP**

By: /s/ Kristin Knox Esche
    Kristin Knox Esche

Attorneys for Defendants McCORMICK & SCHMICK'S SEAFOOD RESTAURANTS, INC. and McCORMICK & SCHMICK'S RESTAURANT CORP. (erroneously sued as McCormick & Schmick's Restaurants Corp.)

**KESTLER, BURTON & DERRYBERRY**

By: /s/ Kimberly Rose-McCaslin
    Kimberly Rose-McCaslin

Attorneys for Plaintiff JCT MECHANICAL, INC.

8
PROPOSED STIPULATED PROTECTIVE ORDER
DWT 15350939v1 0056538-000015

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899